UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ILLINOIS UNION INSURANCE COMPANY     *
as subrogee of FOREST GLEN MAIN, LLC
525 West Monroe Street, Suite 400     *
Chicago, IL  60661
    *

           Plaintiff
    *     CIVIL NO:
      vs.
    *

MADISON MECHANICAL, INC.     *
2205 Warwick Way
Marriottsville, MD  21104     *

           Defendant     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

### PARTIES

1.     Plaintiff herein, Illinois Union Insurance Company (hereinafter "Illinois Union"), is a corporation duly organized and existing under the laws of the State of Illinois, with its principal place of business located at 525 W. Monroe Street, Suite 400, Chicago, Illinois, and at all times hereinafter mentioned was authorized to do business in the State of Maryland as an insurance company.

2.     Defendant herein, Madison Mechanical, Inc. (hereinafter "Madison"), is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business located at 2205 Warwick Way, Marriottsville, Maryland, and at all times relevant hereto was in the business of providing mechanical and plumbing services.

### JURISDICTION

3.     The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of

$75,000.00. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) as the fire resulting in damage occurred in this judicial district.

## FACTS

4. At all times material hereto, Plaintiff Illinois Union provided insurance coverage to Forest Glen Main, LLC (hereinafter "Forest Glen") with respect to Forest Glen's property known as National Park Seminary, President's House at 9610 Dewitt, Silver Spring, Maryland, (hereinafter "the premises") a building containing twelve condominium units.

5. In or about March 2007, Defendant Madison was retained to provide plumbing/mechanical services for renovations of an existing structure on the premises to convert to condominium units at National Park Seminary (hereinafter "the project").

6. As part of Madison's work at the project, Madison installed, connected and otherwise worked on the PVC piping at the project.

7. On or about May 1, 2009, the PVC piping in the attic space that had been installed and connected by defendant Madison separated, causing water to enter into the condominium units from the fourth floor to the basement level of the premises and damaging the real and personal property of Forest Glen.

8. Pursuant to the terms and conditions of its contract of insurance, Plaintiff Illinois Union has made payments to Forest Glen for the damages suffered as a result of the water release in an amount in excess of $1,500,000.00.

9. As a result of the aforesaid payments, and pursuant to the contract of insurance and by operation of law, Plaintiff Illinois Union is subrogated to the rights of its insured against all parties responsible for the occurrence of said damages.

## COUNT I – NEGLIGENCE

10.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 9 hereof as though fully set forth.

11.     The aforesaid pipe break and resulting damages were caused by the negligence, carelessness and negligent omissions of Defendant Madison, its agents, servants and/or employees acting within the course and scope of their employment in:

    (a)     failing to properly install the PVC piping;

    (b)     failing to properly connect the PVC piping;

    (c)     failing to properly test and inspect the piping connections to make sure that the piping connections were fit and proper;

    (d)     failing to train its employees on the proper installation of PVC piping, including the PVC piping that separated;

    (e)     failing to exercise due care in the provision of its plumbing services;

    (f)     failing to provide its services in compliance with the applicable industry standards and code requirements;

    (g)     failing to properly and adequately inspect the work of its employees, agents, and/or contractors;

    (h)     failing to hire properly and adequately trained employees, agents, and/or contractors; and

    (i)     otherwise failing to act with due care under the circumstances.

12.     As a direct and proximate result of the foregoing, plaintiff sustained damages as aforesaid, for which Defendant is liable to plaintiff.

WHEREFORE, Plaintiff Illinois Union demands judgment against Defendant Madison in an amount in excess of $1,500,000.00 together with interest and the costs of this action.

        Respectfully submitted,

        _____/s/ *Thomas M. Wood, IV*_____
        Thomas M. Wood, IV
        Federal Bar No. 00365
        Neuberger, Quinn, Gielen, Rubin & Gibber
        One South Street, 27th Floor
        Baltimore, Maryland 21202
        tmw@nqgrg.com
        410-332-8523
        Fax: 410-332-8564
        Email:  tmw@nqgrg.com

        *Attorneys for Plaintiff Illinois Union Insurance*
        *Company, as subrogee of Forest Glen Main, LLC*


OF COUNSEL:
MARK T. MULLEN, ESQUIRE
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
215-665-2091

Date:  August 31, 2010