UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ILLINOIS UNION INSURANCE COMPANY | * | |
| as subrogee of FOREST GLEN MAIN, LLC | * | CIVIL ACTION NO.: |
| | * | 10-cv-02406 (WDQ) |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MADISON MECHANICAL, INC. | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO PRECLUDE THE EXPERT TESTIMONY
OF DEFENDANT MADISON MECHANICAL, INC.

I.  **INTRODUCTION**

This action for property damage and business interruption losses arises out of the May 21, 2009 pipe break and flood at the President's House, 9610 Dewitt, Silver Spring, Maryland. A sprinkler pipe connection in the attic failed, allowing water to inundate the building. As a result of the flood, the Plaintiff's insured sustained damage to its building, as well as an interruption of its business, in excess of $1,000,000.

On August 31, 2010, Illinois Union Insurance Company, as subrogee of Forest Glen Main, LLC ("Illinois Union"), filed suit against Madison Mechanical, Inc. ("Madison"). On September 21, 2010, this Honorable Court entered a Scheduling Order which required Plaintiff to provide its Rule 26(a)(2) expert disclosures by November 22, 2010 and Defendant to provide its Expert Disclosures by December 20, 2010. See Exhibit "A". Plaintiff timely served its Disclosure in accordance with Federal Rule of Civil Procedure 26(a)(2). Plaintiff identified Kenneth McLaughlin as an expert witness under Rule 26(a)(2)(B) and served a signed report containing his qualifications and a complete statement of his expert's opinions, including the bases and reasons for those opinions, as required by the Rule.

On the day Defendant's Disclosure and reports were due, defense counsel requested an extension due to health issues of a family member. Counsel for Plaintiff agreed to a six-week extension. On January 13, 2011, the parties jointly requested an extension of the deadlines set forth in the Court's original Scheduling Order. The Court approved that request on January 14, 2003 and issued a Revised Scheduling Order. See Exhibit "B". Pursuant to the Court's Revised Scheduling Order, defendant was required to provide its Rule 26(a)(2) Expert Disclosures by January 31, 2011.

On January 31, 2011, Defendant Madison timely served its Rule 26(a)(2) Disclosure. In violation of the Court's Revised Scheduling Order and Rule 26(a)(2)(B), Defendant Madison failed to produce any expert reports with its Disclosure. By letter dated February 1, 2011, Plaintiff's counsel advised counsel for Defendant Madison that Plaintiff needed the written reports immediately. Plaintiff's counsel called counsel for Defendant Madison on February 4, 2011 to discuss the failure to produce reports timely and other discovery issues. Counsel for Defendant Madison was not in and has not responded to the voicemail message requesting that he call immediately to resolve the issues.

Plaintiff has been and continues to be prejudiced by Madison's failure to serve any Rule 26(a)(2)(B) expert reports because Plaintiff was unable to prepare rebuttal expert reports by the February 14, 2011 or timely and properly prepare its case for trial as required by the Revised Scheduling Order.

## II. LEGAL ARGUMENT

### A. Defendant Madison Should Be Precluded From Offering Expert Testimony At Trial Because Madison Failed To Serve Its Rule 26(a)(2)(B) Expert Report In Accordance With The Court's Revised Scheduling Order.

Federal Rule of Civil Procedure 26(a)(2) provides in relevant part:

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of

any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the Court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness' qualifications, including a list of all publications authored in the previous ten years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert a trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Counsel for Plaintiff received the Rule 26(a)(2) Disclosure of Expert Testimony of Defendant Madison Mechanical, Inc. in accordance with the Revised Scheduling Order on January 31, 2011. See Exhibit "C." The Disclosure identified three "witnesses retained or specifically [sic] employed to provide expert testimony." Those witnesses were Patrick J. Moran, Ph.D., John Goff, and Lee A. Davis. The Disclosure further provided that none of the witnesses had prepared a report but as soon as a report is filed it will be forwarded to Plaintiff's counsel.

Plaintiff provided its Rule 26(a)(2) Disclosures with a written report on November 22, 2010. On December 20, 2010, the date that Defendant's Disclosure and written reports were due under the original Scheduling Order, counsel for Defendant requested additional time. Counsel for Plaintiff agreed to a six-week extension. On the date that the Disclosure and reports were due under the Revised Scheduling Order, Defendant provided a meaningless Disclosure since it does not contain any of the information necessary for Plaintiff to prepare its rebuttal reports, if any, and to timely and properly prepare for trial under the Revised Scheduling Order.

Pursuant to Rule 37(c)(1) a party that, without substantial justification, fails to disclose information required by Rule 26(a), shall not, unless such failure is harmless, be permitted to use as evidence at trial the testimony of any expert witness not so disclosed. See Fed. R. Civ. P. 37(c)(1); Adams v. NVR Homes, Inc., 142 F. Supp. 2d 649 (D.Md. 2001). Madison failed to produce a Rule 26(a)(2)(B) expert report in accordance with the court's Revised Scheduling Order. Rule 37(c)(1) prohibits a party from calling any witness a trial where the party fails to comply with the disclosure requirements of Rule 26(a). This sanction is "self-executing" and "automatic". Fed. R. Civ. P. 37, Advisory Committee Notes, 1993 Amendments. The exclusion of expert witnesses who do not provide timely Rule 26(a)(2)(B) expert reports is automatic unless the party who is late in providing the expert report can show "substantial justification" as to why the reports were late or that the late disclosure was "harmless." The burden of proof as to substantial justification and harmlessness is on the party who has failed to make the required disclosure.

In considering a motion to preclude witnesses from testifying for failing to serve Rule 26(a)(2)(B) expert reports, Chief Magistrate Judge Grimm of this Court has observed:

> As a rule of thumb, if the failure to comply with the required disclosure involves a material aspect of the expert's testimony, and if the opposing party can show prejudice in connection with the lack of disclosure, then the opinion of the expert should be excluded, in whole or in part, at trial.

Sullivan v. Glock, Inc., 175 F.R.D. 497, 503 (D.Md. 1997).

Chief Magistrate Judge Grimm also points out that by permitting a party to belatedly file expert reports, the Court "undercuts the very purpose of the pre-trial scheduling order – including the important goal of setting a specific and limited period for discovery – and awards dilatory practices by the party which failed to make proper Rule 26(a)(2) disclosures." Sullivan, 175 F.R.D. at 497.

Counsel for Madison's failure to produce expert reports is consistent with Madison's failure to answer Plaintiff's Interrogatories and Requests for Production of Documents in a timely manner. Madison's dilatory discovery practices and violation of the Court's Revised Scheduling Order have prejudiced Plaintiff because counsel cannot timely prepare for trial under the Revised Scheduling Order.

According to Chief Magistrate Judge Grimm:

> The first rule of reason is that the entire structure of the rules of procedure governing pre-trial preparation, expert disclosures under Rule 26(a)(2) and discovery in general, underscore the need for a fixed period of discovery which ends at a date certain well before trial. Thus, last minute discovery should be strongly discouraged absent truly exigent circumstances.... The days when counsel may "hide the ball" regarding expert disclosure, and intentionally provide a little, but by no means complete information about the expected expert testimony are over, and those who do this should not be rewarded for doing so. Moreover, it is no longer acceptable to wait until the last minute to retain and prepare an expert. Counsel must be prepared to provide full and meaningful disclosure and discovery at the times required by the rules of procedure and the pretrial scheduling order.

Sullivan, 175 F.R.D. at 506.

In determining whether or not the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, the Court may consider four factors in assessing whether there was substantial justification for the failure to disclose or harmlessness to the opposing party: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosures; (3) potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. Id. at 506-507. The burden is on Madison to prove that it was "substantially justified" in failing to serve any expert reports by the discovery schedule deadline. Madison's failure to produce any expert reports prevented Plaintiff from preparing rebuttal experts report by the February 14, 2011

deadline; will prevent Plaintiff from completing necessary expert discovery by March 17, 2011; and prevent Plaintiff from timely and properly preparing its case for trial.

Defendant Madison, in violation of the Court's Revised Scheduling Order, failed to provide Plaintiff with its Rule 26(a)(2)(B) expert reports. Plaintiff submits that there is no basis, let alone "substantial justification," for Defendant's failure to produce its expert reports. Accordingly, Plaintiff respectfully requests that the Court issue an Order precluding Defendant Madison from offering expert testimony at trial.

                              Respectfully submitted,

                              COZEN O'CONNOR


                              By:_____/s/_____
                                  Mark T. Mullen, Esquire (*phv*)
                                  1900 Market Street, Third Floor
                                  Philadelphia, PA   19103
                                  Tel.: 215-665-2091
                                  Fax: 215-665-2013
                                  E-mail: mmullen@cozen.com

Thomas M. Wood, IV
Federal Bar No. 00365                      *Attorneys for Plaintiff Illinois Union Insurance*
Neuberger, Quinn, Gielen, Rubin & Gibber   *Company, as subrogee of Forest Glen Main, LLC*
One South Street, 27th Floor
Baltimore, MD  21202
Tel: 410-332-8523
Fax: 410-332-8564
Email: tmw@nqgrg.com