

June 8, 2011

**F. B. DAVIS SONS CMI
BUILDING CONTRACTORS
& CONSULTANTS** ■

**Mr. Robert H. Bouse, Jr., Esquire**
Anderson, Coe & King, L.L.P.
201 North Charles Street
Suite 2000
Baltimore, MD 21201-4124

Re: Illinois Union Insurance Company as
Subrogee of Forest Glen Main, LLC
v. Madison Mechanical, Inc.

3553 W. Chester Pike
PMB #318
Newtown Square
PA 19073

Phone  (610) 664-4227
Fax      (610) 458-7525

Dear Mr. Bouse:

On May 1, 2009, a pipe failure in the attic area of a building undergoing renovation work resulted in interior water damage. The subject property is located at 9610 Dewitt, Silver Spring, MD. The project is known as National Park Seminary and the renovation work included condominium units, apartments, a chapel and a ballroom. It is our understanding that the water damage affected twelve condominium units that were nearing completion at the time the loss occurred, common hallways and storage areas.

Madison Mechanical, Inc. was serving as the plumbing and HVAC subcontractor for the project under a contract with SBER Construction LLC, the general contractor. Following the loss, PDI Disaster Restoration was engaged by Madison Mechanical, Inc. to commence with water extraction and drying efforts. The Alexander Company solicited bids from three contractors for the removal of the remainder of the wet building materials and selected Marcor to perform this work. The building repairs were made utilizing the original subcontractors for the project. The general contractor for the original renovation project, SBER Construction LLC, was not part of the restoration work, due to some type of disagreement or dispute with The Alexander Company. In lieu of utilizing a general contractor for the restoration phase, Jack Grant Construction Management and Beacon Consulting Group were hired to provide project management services.

JUN 1 3 2011



**F. B. DAVIS SONS CMI
BUILDING CONTRACTORS
& CONSULTANTS** ■

3553 W. Chester Pike
PMB #318
Newtown Square
PA 19073

Phone  (610) 664-4227
Fax     (610) 458-7525

We were asked to review the documents provided to us and offer an opinion as to the reasonableness of the scope of restoration work performed and the associated costs claimed as a result of the pipe failure. As you are aware, we did not have an opportunity to view the loss location in its damaged state following the loss or in its restored and completed condition.

In his deposition testimony, Robert Buczkowski, the CFO of Madison Mechanical, Inc., stated that in his opinion, the scope of restoration identified by the construction managers and the plaintiff's insurance experts was excessive and went well beyond what he initially considered necessary. Furthermore, Mr. Buczkowski testified that Sylvia Denny, the insurance adjuster from GAB Robbins who was representing Madison Mechanical, Inc's insurance carrier was not in agreement with the scope of demolition and restoration work that the plaintiff pursued. Mr. Buczkowski also testified that in his opinion, The Alexander Company had failed to properly mitigate the water damage due to lack of experience with such an event. Were this the case, the extent of damage would have undoubtedly increased resulting in a greater scope of restoration work, more significant restoration costs and a longer period of delay for the ultimate completion of the project.

Without the benefit of inspecting the post loss site and observing the damaged conditions, we are not in a position to evaluate the basic restoration costs presented. However, there are costs claimed relating to construction management charges, general conditions and fees that are of concern. According to the May 10, 2010 report prepared by Brian F. Hegney of Engle Martin & Associates, Inc. to Ace Westchester Specialty Group, the final adjusted cost for the actual restoration work performed by the original subcontractors totaled $1,079,485.04. To this amount, charges of $189,890.00 and $136,304.88 were added for Beacon Consulting Group and Jack Grant Construction Management, Inc. respectively. The total project management charges of $326,194.88 represent 30% of the project costs, which is outrageous compared to industry norms. The situation is compounded further when an additional 7.5% or $95,203.13 for general conditions & fees was added for Jack Grant Construction Management, Inc. The documents reviewed demonstrate that Jack Grant Construction Management, Inc. was serving in the project management role for the restoration project rather than as the general contractor and therefore was not entitled to be paid additional fees representing a general contractors overhead and profit.

Similar concerns regarding the amount of the construction management charges and the general conditions & fees were raised in Mr. Hegney's November 25, 2009 and February 1, 2010 reports to Ace Westchester



**F. B. DAVIS SONS CMI
BUILDING CONTRACTORS
& CONSULTANTS**

3553 W. Chester Pike
PMB #318
Newtown Square
PA 19073

Phone  (610) 664-4227
Fax      (610) 458-7525

Specialty Group.

The Alexander Company was in a dispute with SBER Construction LLC and made a business decision to hire both Jack Grant Construction Management and Beacon Consulting Group to complete the restoration work and thus incur additional construction management costs. This decision generated an apparent duplication of construction management services, which is not the responsibility of the plaintiff.

It is my opinion, to a reasonable degree of certainty as a general contractor with over thirty-four years of experience in the inspection, assessment, estimation and repair of damaged buildings, that the plaintiff's claimed construction management charges totaling $326,194.88 are excessive, being well above the industry norm, and represent a duplication of services. It is also my opinion that Jack Grant Construction Management was not acting as the general contractor for the restoration work and therefore was not entitled to receive an additional $95,201.13 for general conditions and fees.

I reserve the right to supplement this report should additional pertinent information become available in the future.

Very truly yours,

Lee A. Davis
**F. B. Davis Sons CMI**